IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

05 JUN 24 AM 10: 09

UNITED STATES OF AMERICA,

CLERK-ALBUQUERQUE

Plaintiff/Respondent,

v.

CIV NO. 05-0252 RB/ACT
CR 03-2522 RB

OLIVIA SAENZ,

Defendant/Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on a Motion by Olivia Saenz to Vacate, Set Aside or Correct her Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1). District Judge Robert Brack entered an Order of Reference to the Magistrate Judge to recommend an ultimate disposition of this case. (Doc. No. 4). The United States Magistrate Judge, having reviewed the Motion, the Response of the United States, the relevant case law, and the pleadings in the Movant's criminal case, CR 03-2522, finds that the Motion is not well taken and recommends that it be DENIED.

Movant, proceeding *pro se*, argues that her confinement is in violation of the Sixth Amendment in light of two recently decided United States Supreme Court cases, *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531 (2004) and *United States v. Booker*, ___ U.S. ___,



125 S. Ct. 738 (2005).` The United States responded that the holdings of the *Blakely* and *Booker* cases, including the rule announced in *Booker* that the Federal Sentencing Guidelines are no longer mandatory, may not be used to attack federal criminal sentences on collateral review. *Guzman v. United States*, 404 F. 3d 139 (2d Cir. 2005); *Leonard v. United States*, 383 F. 3d 1146, 1147-8 (10th Cir. 2004).

The Court agrees with the United States that the Movant is barred from attacking her federal sentence on *Booker* and *Blakely* grounds because this case is now on collateral review. Therefore, the Court recommends that the Motion to Vacate, Set Aside or Correct her Sentence pursuant to 28 U.S.C. § 2255 be DENIED on the merits.

## PROPOSED FINDINGS

### PROCEEDINGS BEFORE MOTION

1. Petitioner is currently incarcerated pursuant to a plea of guilty to Counts I and III of the Indictment brought against her and a co-defendant. In accordance with her Plea Agreement dated May 12, 2004, Movant pled guilty to one violation of 21 U.S.C. §846, conspiracy to distribute 5 grams and more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, contrary to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and to one violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), distribution of more than 5 grams of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance and 18 U.S.C. § 2, aiding and abetting.

2. In accordance with her Plea Agreement, Movant stated that she understood she could be imprisoned between five (5) and forty (40) years on each count, and that various fines, a term

of supervised release and a mandatory special penalty assessment on each count could be imposed as part of her sentence. Movant and the United States also agreed to certain stipulations that accorded her reductions in the base offense level.

3. Movant's sentencing took place on September 21, 2004. *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005), the decision in which the United States Supreme Court held that the Federal Sentencing Guidelines were no longer mandatory, was decided on January 12, 2005.

4. With an offense level of 20 and a criminal history category of I, the Movant faced a sentence ranging from 33 to 41 months according the to the Sentencing Guidelines. The District Court Judge sentenced Movant to 33 months on each count to be served concurrently, followed by four years on supervised release. Movant is currently serving her sentence.

5. Both Movant, who was represented by appointed counsel, and the United States proceeded under the assumption that the United States District Judge who sentenced her would be following the mandatory Sentencing Guidelines pursuant to the Sentencing Reform Act of 1984. The United States District Judge who sentenced her did, in fact, follow the Sentencing Guidelines and imposed a sentence at the low end of the applicable Guidelines.

6. In her Plea Agreement, Movant waived the right to appeal her sentence except to the extent, if any, that the court may depart upwards from the applicable sentencing guidelines. Her sentence did not depart upwards from the Sentencing Guidelines. Accordingly, Movant did not file a direct appeal.

## THE HOLDINGS OF THE *BLAKELY* AND *BOOKER* CASES
## DO NOT APPLY TO CASES ON COLLATERAL REVIEW

7. Movant has brought this motion under 28 U.S.C. § 2255 which is the statute by which a prisoner in federal custody may ask this Court to collaterally review his or her sentence.

8. In *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005), the United States Supreme Court held that the Federal Sentencing Guidelines could not be applied as though they were mandatory. *Id.*, at 756-7. The Supreme Court applied this holding to all cases on direct review, but the Court specifically did not mention cases on collateral review. *Id.*, at 769.

9. Every federal appellate court that has been presented with this issue - whether the procedural rules announced in *Blakely* and *Booker* should apply retroactively to cases on collateral review - has held that the new rules announced in these cases do not apply to cases which come up on collateral review. *See, In re Elwood*, 408 F. F3d 211 (5th Cir. 2005) (*Booker* not applicable to cases on collateral review for successive petitions); *Guzman v. United States*, 404 F. 3d 139 (2nd Cir. 2005) (*Booker* does not apply to cases on collateral review when conviction is final as of January 12, 2005) ; *Leonard v. United States*, 383 F. 3d 1186 (10th Cir. 2004) (*Blakely* not applicable in cases on collateral review). The appellate courts reasoned under the analysis set forth in *Teague v. Lane*, 489 U.S. 288 (1989), that since the rules announced in *Blakely* and *Booker* were neither substantive rules nor watershed procedural rules that affected the fundamental fairness or accuracy of a criminal proceeding, the new rules should only be applied to those cases pending on direct review. *See, e.g., Guzman v. United States*, 404 F. 3d 139, 141 (2nd Cir. 2005).

10. Movant's conviction was final well before January 12, 2005, the day the United States

4

Supreme Court decided the case of *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005). Therefore, the procedural rule announced in that case may not be applied in this 28 U.S.C. § 2255 Motion.

11. The Movant has failed to present any evidence or legal arguments that would persuade this Court that she is entitled to the relief sought in her 28 U.S.C. § 2255 Motion.

## CONCLUSION

The Court recommends that Movant's Motion to Vacate, Set Aside or Correct her sentence pursuant to 28 U.S.C. § 2255 be DENIED.

## NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN TEN (10) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1). A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE